```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
                                          :
ALAN ALTERISI,                            :
                                          :
     Petitioner,                          :
                                          :
V.                                        :   CASE NO. 3:05-CV-553(RNC)
                                          :
                                          :
COMMISSIONER OF CORRECTION,               :
                                          :
     Respondent.                          :
```

## RULING AND ORDER

Petitioner, a Connecticut inmate, brings this habeas case pursuant to 28 U.S.C. § 2254 claiming ineffective assistance of counsel.  Respondent has moved to dismiss the petition based on the one-year statute of limitations.  Petitioner contends that the limitation period should be equitably tolled.  I disagree and conclude that the petition is time-barred.

Background

On April 12, 1996, a state court jury found petitioner guilty of five counts of sexual assault and six counts of risk of injury to a minor.  Final judgment was entered on June 7, 1996, sentencing petitioner to 32 years' imprisonment.  The Connecticut Appellate Court affirmed on November 25, 1997.  State v. Alterisi, 47 Conn. App. 199 (1997).  Petitioner had twenty days to file a petition asking the Connecticut Supreme Court to certify the case for review.  See Connecticut Rules of Appellate Procedure § 84-4.  No petition was filed.

1

On March 29, 1999, petitioner filed a petition for a writ of habeas corpus in Connecticut Superior Court. The petition was denied on March 16, 2000. The Connecticut Appellate Court affirmed the denial on January 15, 2002. <u>Alterisi v. Comm'r of Corr.</u>, 67 Conn. App. 625 (2002). Petitioner did not seek certification to appeal. He filed the present petition on March 31, 2005.

<u>Discussion</u>

Under the Antiterrorism and Effective Death Penalty Act, a § 2254 petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, the one year period began to run on December 15, 1997, when the time for seeking direct review from the Connecticut Supreme Court expired.

Petitioner contends that the one-year limitation period should be equitably tolled because "he believed that a Connecticut Supreme Court appeal was filed on his behalf following the decision of the Connecticut Appellate [C]ourt on November 25, 1997." (Objection to Motion to Dismiss at 4.) According to petitioner, after learning that his attorney had not filed an appeal, he retained new counsel to pursue other state court relief.

Equitable tolling is available when "extraordinary circumstances prevented [a petitioner] from filing his petition

on time" and the petitioner "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).  Even assuming the statute of limitations could be tolled for the period between the Court of Appeals decision in November 1997 and the filing of the state habeas petition in March 1999, petitioner offers no explanation for the three-year delay between the conclusion of the latter proceeding and the commencement of this one.[1]  Given petitioner's apparent lack of diligence during that three-year period, equitable tolling is not available.

Conclusion

For the foregoing reasons, respondent's motion to dismiss [Doc. #8] is hereby granted.  Judgment will enter for respondent dismissing the petition with prejudice.

So ordered.

Dated at Hartford, Connecticut this 3rd day of February, 2006.

_____/s/_____
Robert N. Chatigny
United States District Judge

---

[1] Petitioner seems to suggest that, as recently as 2004, he still believed his attorney had appealed the conviction to the Connecticut Supreme Court.  Petitioner's mistaken belief in the pendency of a Supreme Court appeal cannot be relied on to justify tolling the statute of limitations after petitioner affirmatively sought post-conviction habeas review, at which point he should have realized with reasonable diligence that his attorney had not filed the appeal.